

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,330-01 and WR-93,330-02

### EX PARTE LOVELL JUNIOR KELLY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. 1519288-A & 1519289-A IN THE 182ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated assault with a deadly weapon and felon in possession of a weapon and sentenced to seventeen years' imprisonment in each cause. The Fourteenth Court of Appeals affirmed his convictions. *Kelly v. State*, No. 14-18-00104-CR & 14-18-00105-CR (Tex. App.—Houston [14th Dist.] March 7, 2019)(not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he failed to challenge the conviction on double jeopardy grounds, he failed to challenge an enhancement, and he changed the punishment election without Applicant's consent. Applicant also alleges that appellate counsel failed to raise a viable appellate issue and failed to inform him of his right to file a *pro se* petition

for discretionary review. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order both trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings as to whether appellate counsel's performance was deficient and whether he timely informed Applicant of his right to file a petition for discretionary review. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 12, 2022
Do not publish